Martin, J.
The defendant was sued for the price of a tract of land purchased by him, at the auction of the property of the estate of the deceased. He pleaded the general issue; averring, that one Broussart forbid the sale, &c., and that the judicial proceedings in the inventory and sale of the property, were carried on and conducted in the French language.
The district court was of opinion, that the plaintiffs had not substantiated their claim, and gave judgment for the defendant. They appealed.
The statement of facts shews, that the plaintiffs gave in evidence, an extract of the process-verbal of the sale of the property of the estate, subscribed by the defendant and one Latiolais, as his surety, whereby it appears that the property was struck to him: also, the proceedings of a family meeting, recommending the sale, and the decree of the judge authorising it; the process-verbal and the proceedings of the family meeting are in the French language and the decree is in the English.
The parish judge deposed, that immediately after the sale, the defendant took pos *282 session of and still retains the estate, and has made a crop thereon.
The plaintiffs' counsel contends, that no family meeting was necessary; that the proceedings of such a meeting, in the present case, may be recorded in, the French language; that admitting that a meeting was necessary, and its proceedings could not be recorded in French, the objection cannot avail the defendant.
Our task may be shortened by taking up the last proposition first.
The Civil Code requires, that the property real and personal, of minors, be sold by the tutor, Civil Code, 68, art. 56, and he must be authorised by the judge, id. 57. The act of 1811 provides, that this sale shall not take place, unless a certain number of the relatives recommend it. 3 Martin's Dig. 132.
Hence, the sale is not necessarily to be made by the judge, but must be by the tutor, and through an auctioneer; for minors property must so be sold; but certain formalities must precede it.
Here then, the process-verbal of sale is, in my opinion, the evidence of the sale by the tutor, through an auctioneer, i. e. through the parish judge, in his capacity of an auctioneer: *283 and in parishes in which there are other auctioneers than the judge, the assistance of the latter is needless in the sale; though he must authorise it. I consider then, this process-verbal as the act of an auctioneer, evidencing a contract made by his ministry; and such a contract may be recorded in the French language.
I therefore conclude, that the plea of the general issue is supported.
Admitting that the family meeting was required by law, and that its proceedings, if recorded in the French language, are a nullity, the case cannot be better for the defendant, than if there had been no such meeting ; no recommendation by any of the minor's relations.
The want of such a meeting or recommendation cannot be alleged to avoid a sale on the part of the vendee.
The formalities which the law has established to protect minors, in the sale of their estates, are exclusively established for their benefit. If they are omitted, they alone can avail themselves of the omission and avoid the sale. But the vendee cannot refuse complying with his obligation, because some of *284 the formalities which the law requires, have not been attended to. Pothier, Vente, n. 14.
There is not any evidence to support the allegation, that Broussart forbid the sale, &c.
The use of the French language in the inventory, and the proceedings relating thereto, cannot certainly affect the sale.
I think the district judge erred. We ought to reverse his judgment, and ours ought to be for the plaintiffs, with costs of suit in both courts.
Mathews, J.
As the important question relative to the effect of proceedings had by family meetings, for the purpose of giving advice in the disposition of the property of minors, is not decided by this opinion, I deem it unnecessary further to investigate this case; being satisfied with the points adjudged therein, for the reasons adduced.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and this court proceeding to give the judgment, which in their opinion, ought to have been given below, it is ordered, adjudged and decreed, that there be judgment for the plaintiffs with costs in both courts.
Bullard for plaintiffs, Thomas for defendant.